## Dussell v. Kaufman Construction Co. (No. 2)

*Klovsky & Kuby*, for plaintiffs.
*Swartz, Campbell & Henry*, for defendant.

HAGAN, P. J., April 24, 1958.—Plaintiffs filed a complaint and amended complaint in trespass against Kaufman Construction Co., averring that plaintiffs are the owners of property which was damaged as a result of certain drilling, pile driving and blasting performed by defendant. In the amended complaint defendant's liability was grounded upon negligence, absolute liability arising from an ultrahazardous activity and nuisance.

Subsequently plaintiffs, by stipulation, f u r t h e r amended paragraph 3 of the amended complaint to

set forth the terms of a contract between defendant, Kaufman Construction Co., and the Delaware River Port Authority, under which plaintiffs aver that defendant is liable to plaintiffs as a third party beneficiary. To this second amendment of plaintiffs' complaint in trespass defendant has filed preliminary objections, which are now before the court.

It is clear that the amendment to plaintiffs' complaint setting forth a claim as a third party beneficiary under a contract between defendant and the Delaware River Port Authority introduces a cause of action in assumpsit. The question for determination is whether or not plaintiffs may join in the same complaint a cause of action in assumpsit with a cause of action in trespass. On this point the Rules of Civil Procedure are quite clear. Rule 1020 (*a*) of the assumpsit rules provides that: "A plaintiff may state in the complaint two or more causes of action triable in the same county *which arise from contract or are quasi-contractual.*" (Italics supplied.) Pa. R. C. P. 1044 of the trespass rules provides: "The plaintiff may state in his complaint two or more causes of action *in trespass* triable in the same county, which arise from the same transaction or occurrence or series of transactions or occurrences." (Italics supplied.)

It is clear from the above quoted rules that a cause of action in assumpsit may not be joined by a plaintiff in the same complaint with a cause of action in trespass, and that for this reason defendant's preliminary objections must be sustained.

For the foregoing reasons we make the following

*Order*

Defendant's preliminary objections to plaintiff's second amended complaint are sustained; paragraph 3 of the second amended complaint is hereby stricken, and

paragraph 3 of the original amended complaint is hereby reinstated.